█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES FRANCIS HUGHES, Appellant.— In the trial of defendant-appellant for robbery in the first degree, the complaining witness was permitted over objection to testify that when the police captured defendant the complainant identified him as one of two men who held him up and that the man thus identified was the defendant. The theory on which this evidence of identification was received was that it was part of the *res gestæ*. It seems clear, however, that the proof was not admissible on this ground. (*People* v. *Marks*, 6 N Y 2d 67; Richardson, Evidence [8th ed.], § 263). The identification of the defendant was not part of the spontaneous movement of events which constitute the crime. It occurred half an hour after the crime was completed; and four blocks away from the scene, when the police pulled defendant out from under an automobile. Complainant testified as to what he then said: "I said he was the man that covered me with the gun." Four policemen also were permitted to testify to this identification of the defendant by the complainant. This testimony was inadmissible on additional grounds. (*People* v. *Trowbridge*, 305 N. Y. 471; *People* v. *Jung Hing*, 212 N. Y. 393; *People* v. *Oliver*, 4 A D 2d 28, affd. 3 N Y 2d 684.) The decision in *People* v. *Curtis* (225 N Y 519, 523) cited by the People, in which the statement came "within ten seconds" of the occurrence, is not controlling here. Nor does the silence of defendant at the time of the accusation constitute an admission against interest as argued by the People. The record shows nothing on this subject; it does not show specifically that defendant was silent after the identification; but if it did specifically show his silence in response to an accusation while he was being taken into police custody or after he was in custody, such silence would not be an admission against interest. Although the complaining witness testified that the defendant in court was the person he had identified as the one who had "covered" him with a gun, the record fails to show that the complainant testified directly anywhere in the trial that this defendant was actually the same person who had in fact held him up with a gun. We feel required on this record to order a new trial. Judgment of conviction reversed on the law and the facts and a new trial ordered. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.